[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-12489
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 01, 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00302-CR-J-20TJC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMIR S. NAJJAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 1, 2002)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Samir S. Najjar appeals his conviction and 36-month sentence for making a

false statement to a department of the United States in violation of 18 U.S.C. §

1001. On appeal, Najjar argues that the district court (1) erred by denying his motion to dismiss the indictment for lack of jurisdiction due to the expiration of the statute of limitations, and (2) abused its discretion by denying Najjar's motion to withdraw his guilty plea.

The district court's subject matter jurisdiction is a question of law and, is therefore, subject to de novo review. See United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). We will reverse a district court's decision on a motion to withdraw only if it is arbitrary or unreasonable. See United States v. Bushert, 997 F.2d 1343, 1355 (11th Cir. 1993).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts may be briefly stated. On August 10, 2000, Najjar was charged by information with filing false and fraudulent claims to the United States Department of Defense in connection with the Civilian Health and Medical Program of the Uniformed Services. On the same day, Najjar executed a waiver of indictment and a plea agreement, in which he pled guilty to the information.

Six months later, Najjar filed a motion to withdraw his guilty plea and a motion to dismiss the information for lack of jurisdiction based on the expiration of the statute of limitations. The district court conducted two evidentiary hearings on these motions and made the following factual findings:

This Court finds that on August 10, 2000, the Defendant was alert and intelligent; that the questions and answers were not mechanical; that his answers to the Court's questions at the time were rational and coherent; and that the Defendant did freely, voluntarily, intentionally and knowingly enter a plea of guilty.

. . . .

Therefore, the Court finds that the Defendant entered his plea while he understood the proceedings with both a rational and a factual understanding of what was going on, while he had a rational and a factual understanding of the offense, and while he had the ability to assist counsel for months in advance to entering his plea as well as on that day of August 10th. . . .

Evidence also showed that Defendant had the keen intellectual capacity to understand and manipulate the legal process to sufficiently delay resolution of this complex matter in an unusual manner, to the effect that the Statute of Limitations ran before he filed his Motion to Withdraw his Guilty Plea. After months of meetings and negotiations with all attorneys involved, he entered into a Plea Agreement with respect to the resolution of his course of criminal conduct that spanned many years, which, by his own admission, amounted to approximately five million dollars ($5,000,000.00) in funds fraudulently obtained from private insurance companies and from the United States. . . .

In addition to the evidence showing that the plea was made intelligently and knowingly, the evidence also showed that the plea was made freely and voluntarily. Defendant asserts now that his plea

3

> was not voluntarily or freely made because he suffered from conditions of sleep-apnea, sleep deprivation and severe depression, together with situational stressors of his wife's pursuit of a divorce and his brother's threat of suicide if Defendant decided not to enter a guilty plea made the night before Defendant entered the plea. However, given the "totality of the circumstances surrounding the plea," and the evidence presented, the Court has formed the conclusion that Defendant lacks credibility in his assertions.

The district court then lists numerous instances that it was aware of in which Najjar had been dishonest, concluding that Najjar had "questionable credibility."

The district court found that, pursuant to United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988), (1) Najjar had the close assistance of counsel throughout the plea negotiations; (2) Najjar's plea was knowing and voluntary; (3) judicial resources would not be conserved by permitting the withdrawal of Najjar's plea, particularly in light of the List of Victims in the court's file which included "hundreds and hundreds and hundreds of names," meaning that a trial would be extremely lengthy and complex; and (4) the government would be highly prejudiced if Najjar was permitted to withdraw his plea based on the passage of time since the plea agreement. The district court accordingly denied Najjar's motion to withdraw his plea and subsequently sentenced him to 36 months' imprisonment. This appeal followed.

As a preliminary matter, we find no merit to Najjar's argument based on the statute of limitations. Najjar argues that in a criminal case, the statute of

4

limitations is a jurisdictional bar that cannot be waived in a plea agreement. We

disagree. Indeed, pursuant to binding precedent, the statute of limitations is a

matter of defense that must be asserted at trial by the defendant. See Capone v.

Aderhold, 65 F.2d 130, 131 (5th Cir. 1933).[1]

Although we have not more recently had occasion to address this issue,

every other circuit to have considered it has likewise concluded that the expiration

of the statute of limitations does not divest a district court of subject matter

jurisdiction, but rather constitutes an affirmative defense, which the defendant can

waive. See United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995) ("A statute of

limitations defense is a waivable affirmative defense, not a jurisdictional bar to

prosecution. Failure to raise the defense in a timely manner can result in its

waiver." (citation omitted)); United States v. Wilson, 26 F.3d 142, 155 (D.C. Cir.

1994) ("[T]he settled law in our circuit has been that a criminal statute of

limitations is not jurisdictional in nature and therefore can be waived."); United

States v. Gallup, 812 F.2d 1271, 1280 (10th Cir. 1987) ("It is well settled that the

statute of limitations is an affirmative defense which

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

is waived unless raised at trial."); United States v. Karlin, 785 F.2d 90, 92-93 (3d Cir. 1986) ("[I]n criminal cases the statute of limitations does not go to the jurisdiction of the court but is an affirmative defense that will be considered waived if not raised in the district court before or at trial."); United States v. Meeker, 701 F. 2d 685, 687 (7th Cir. 1983) (same); United States v. Walsh, 700 F.2d 846, 855 (2nd Cir. 1983) (same); United States v. Williams, 684 F. 2d 296, 299 (4th Cir. 1982) (same); cf. United States v. Crossly, 224 F.3d 847, 858 (6th Cir. 2000) (holding that the statute of limitations presents a bar to prosecution, but concluding that it may be waived by an explicit waiver). Indeed, none of the courts of appeals has taken the position urged by the defendants, and we decline to do so in this case.

We are likewise unpersuaded by Najjar's contention that the district court abused its discretion by denying his motion to withdraw his guilty plea. Pursuant to Fed. R. Crim. P. 32(e), a district court may permit a defendant to withdraw his plea before the district court imposes sentence for "any fair and just reason." In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government

6

would be prejudiced if the defendant were allowed to withdraw his plea." Buckles, 843 F.2d at 472 (citations and footnote omitted).

Here, the district court made factual findings on each of these factors. In doing so, the district court made credibility determinations prior to concluding that Najjar had not satisfied the prerequisites to Rule 32(e). Upon our review of the record, we can find no abuse of the district court's sound discretion in its Buckles analysis and its conclusion that Najjar was not entitled to withdraw his plea.

**AFFIRMED.**