[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 04-13646
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-20226-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FABIAN LENNOX JOHNSON,
a.k.a. Quinn Jeffery Johnson,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------------

**(May 23, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Fabian Johnson appeals his cocaine conspiracy

conviction after his plea of guilty.  Johnson contends the district court erred by

denying his request for leave to withdraw his guilty plea. No reversible error has been shown; we affirm.

Johnson pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. At the Rule 11 proceedings held on 7 November 2004, among other things, Johnson told the court that he had discussed the application of the Sentencing Guidelines to his case with his lawyer, he acknowledged his understanding of the minimum and maximum statutory penalties, and he recognized that no guideline sentence could be determined until a PSI was prepared. Johnson was also advised that both he and the government would have an opportunity to challenge the PSI, and that the sentencing court could, in some circumstances, impose sentence above or below the guidelines range.

After Johnson's plea was accepted by the district court but before Johnson was sentenced, the Supreme Court issued its opinion in Blakely v. Washington, 124 S.Ct. 2531 (2004). At his sentencing hearing, Johnson argued that the sentencing court should apply Blakely to Johnson's sentencing and calculate Johnson's guideline sentencing range only on facts included in the indictment. If the sentencing court was unwilling to apply Blakely in this manner, Johnson requested leave to withdraw his guilty plea. The sentencing court denied the

2

request: when Johnson entered his plea he understood that judicial fact-finding would be determinative of the sentence imposed; Johnson was not misled.

Johnson filed an appeal raising two challenges to his sentence and also claiming that the district court should have allowed him to withdraw his plea. The government moved to dismiss the appeal based on a valid sentence appeal waiver in his plea agreement. Based on the appeal waiver, by order of 24 August 2005, we dismissed issues challenging the imposition of sentence. Even though Johnson sought to withdraw his guilty plea based on a sentencing issue, the waiver of the right to appeal "any sentence imposed" has no application to the denial of Johnson's request to withdraw his guilty plea; the plea withdrawal issue is distinct from the calculation of sentence or the manner in which sentence was imposed. See United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004) (waiver of right to appeal "any sentence imposed" did not preclude appeal of issue claiming government breach of plea agreement). Johnson did not waive his right to appeal the denial of his request to withdraw his plea.

We review the denial of a request to withdraw a guilty plea for an abuse of discretion. United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002). We will reverse the district court under this standard only if its decision is "arbitrary and unreasonable." Id. After a guilty plea has been accepted but before sentence

3

imposed, the guilty plea may be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). And, when considering whether a defendant advances a fair and just reason for withdrawal,

> the district court evaluates the totality of the circumstances, including (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

Najjar, 283 F.3d at 1309 (quotation and citation omitted).

In support of his contention that the district court abused its discretion, Johnson cites no infirmity in the Rule 11 proceedings or the court's acceptance of his plea. Johnson makes no reference to the factors that are dispositive of this issue. Instead, he says only that "the decision in Blakely has effected an enormous change with regard to sentencing procedures," and that his request was not frivolous in the light of Blakely. But "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 90 S.Ct. 1463, 1473 (1970). Johnson sought to withdraw his plea to take advantage of the possibility of a more lenient sentence. Johnson was

4

sentenced under the guidelines in the manner he expected when he entered his plea. Absent an infirmity in the plea, a district court commits no abuse of discretion when, as here, permission to withdraw is refused to a defendant who seeks to take advantage of intervening changes in federal sentencing law.

The government's motion to dismiss Johnson's appeal of the denial of his request to withdraw his plea based on the sentence appeal waiver is **DENIED**; Johnson's conviction is **AFFIRMED.**