[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13951
Non-Argument Calendar

_____

D. C. Docket No. 05-00030-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KIM LOCKART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 13, 2007)

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

David Kim Lockart appeals his convictions, entered after a guilty plea, for (1) possession with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(C) (count one); (2) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count three).  Lockart argues on appeal that the district court abused its discretion in denying his motion to withdraw his guilty plea to count two of his indictment on the grounds that he did not knowingly and voluntarily intend to waive his right to appeal the court's pre-plea denial of his motion to suppress.  For the reasons set forth more fully below, we affirm.

A federal indictment charged Lockart with the above-mentioned offenses. Prior to entering his guilty plea, Lockart moved to suppress evidence.  The court held a hearing and thereafter denied Lockart's motion.  Lockart next entered into a plea agreement with the government, which indicated that Lockart agreed to plead guilty to counts one, two, and three as charged in the indictment.  Lockart also signed the government's statement of facts in support of the guilty plea.  The court conducted a plea colloquy, during which the following exchange occurred:

> Court: Before we proceed, I did not note in the plea and cooperation agreement, and it may be there and I may have missed it.  Is there any reservation of rights as to the motion to suppress?

Government: Nothing was mentioned in the plea and cooperation agreement.

Court: Very well. So you will be waiving any and all defenses that you have if you go forward with this plea. Do you understand that?

Lockart: Yes, ma'am.

Lockart expressly declared his guilty plea to all counts.

Before sentencing, Lockart filed a motion to withdraw his guilty plea to count two of the indictment on the ground that, at the time of his plea, he was depressed, not thinking clearly, and did not understand the nature of the charge. On the day of sentencing, Lockart filed an amended motion to withdraw his plea. On the same grounds as alleged in his initial motion to withdraw, Lockart requested that the court allow him to withdraw the portion of his plea in which he waived his right to appeal the court's denial of his motion to suppress. The court denied Lockart's motion to withdraw and made the following findings:

> I specifically remember discussing with Mr. Lockart at his plea, both issues, and I went back and reviewed the transcript and that's consistent. My memory is correct and the transcript reflects that. Mr. Lockart, we discussed the motion to suppress. [The prosecutor], specifically, I asked him whether the plea agreement had any language in it, whether there was any reservation of rights on the motion to suppress as part of the plea agreement and he indicated to me at that time, no, there was not. You were here. [Your counsel] was here. [Your counsel] agreed with that. Typically, if there is a reservation of a right to appeal from the Court's order on a motion to suppress, that is included in the plea agreement, and that was not included in your plea agreement. . . . You've received the benefit of your plea. You've

3

received a reduction for acceptance of responsibility. And, again, there was nothing in the plea agreement where the government and you agreed that you would reserve the right to appeal from that.

The court then adjudicated Lockart guilty of counts one, two, and three of his indictment based upon his pleas to those counts, and sentenced Lockart to 120 months' imprisonment.

Lockart now argues that the district court abused its discretion in denying his motion to withdraw his guilty plea to the extent that it impliedly waived his right to appeal the court's denial of his motion to suppress. Lockart maintains that the court's discussion with the prosecutor regarding whether he reserved his rights and the court's instruction that he would be waiving all defenses was insufficient to inform him that he was waiving his right to appeal the denial of his motion to suppress. He asserts that there is no evidence that he was listening when the court questioned the prosecutor or that he understood what "reservation of rights" meant. He also contends that there is no basis in the record for concluding that he understood that, by waiving all defenses, he was waiving his right to appeal because those two waivers are not interchangeable. Lockart further argues that the factors establishing whether he presents a fair and just reason for requesting the withdrawal weigh in his favor.

We review a district court's denial of a request to withdraw a guilty plea for abuse of discretion. United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002).

4

We will reverse the district court's decision only if it was arbitrary or unreasonable. United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir.2003).

After the district court has accepted a guilty plea, but before sentencing, a defendant may withdraw the plea if he can establish "a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The provisions of this rule "should be liberally construed." United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). However, "[t]here is no absolute right to withdraw a guilty plea." United States v. Medlock, 12 F.3d 185, 187 (11th Cir.1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." United States v. Buckles, 843 F.2d 469, 472 (11th Cir.1988).

In determining whether the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 471-72 (citation omitted). To make certain that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and must "specifically address three core

5

principles, ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).

Here, the record does not support Lockart's assertion that the court's denial of his motion to withdraw was arbitrary or unreasonable. First, Lockart had the "close assistance of counsel" throughout his plea colloquy and sentencing. The court ensured that Lockart was satisfied with his counsel's assistance and Lockart indicated that he had no complaints in that regard. Second, review of the record demonstrates that Lockart entered a knowing and voluntary guilty plea to count two of the indictment. The court explained the offenses as charged in Lockart's indictment, reviewed the factual basis for the charges, and informed Lockart of the potential sentences for each offense. Lockart never alleged that he was coerced into pleading guilty or that, at any time during the plea colloquy, he was confused or depressed. As such, the court complied with Rule 11 and its three core concerns.

As to Lockart's specific argument that he did not understand that he was waiving his right to appeal the denial of his suppression motion, that assertion is similarly unsupported by the record. The court explicitly noted during the plea colloquy that Lockart's plea agreement did not contain a provision reserving his

right to appeal the suppression motion. The government explained that the plea agreement in fact did not contain such a provision, and the court then informed Lockart that he was thus waiving his right to raise any defenses. Neither Lockart nor his counsel indicated that the plea agreement erroneously left out a reservation-of-rights provision with regard to the motion to suppress. Lockart's argument on appeal, that he may not have been listening to the court's question as to the motion to suppress, is belied by the record where Lockart never had to ask the court to repeat itself due to his lack of attention, the court specifically instructed Lockart to listen carefully during the colloquy, and Lockart always indicated that he understood the court's instructions and questions. See Medlock, 12 F.3d at 187 (holding that, "[t]here is a strong presumption that the statements made during the colloquy are true"). While Lockart is correct that the waiving of defenses is not the same as waiving the right to appeal, Lockart and his counsel were present when the court explicitly asked the government about the right to appeal the motion to suppress and, as explained above, neither indicated that such a reservation of rights was intended. On this record, it cannot be said that the district court arbitrarily or unreasonably denied Lockart's motion to withdraw his guilty plea to the extent that the plea waived his right to appeal the denial of his motion to suppress.

In light of the foregoing, Lockart's convictions are **AFFIRMED.**