[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16441
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00281-CR-J-32MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MAURICE BING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Antonio Maurice Bing appeals the district court's denial of his motion under

Fed. R. Crim. P. 11(d) to withdraw his plea of guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court did not abuse its discretion in denying the motion, and therefore we affirm.

I.

With the assistance of newly appointed counsel, Bing filed a motion to withdraw his guilty plea six months after having entered it. He asserted that he did not enter his plea knowingly because of erroneous advice he received from his previous counsel, namely that despite his plea he could still appeal the denial of two previously filed motions to suppress.

Before resolving Bing's motion, the district court held an evidentiary hearing during which Bing and his former counsel were the only witnesses. Bing testified that he always wanted to retain the right to appeal the two suppression motions and that his counsel presented four options for going forward in his case that would allow him to do so. Of those options, Bing chose to plead guilty without a plea agreement and contended that counsel specifically informed him that this option would preserve his right to appeal the motions as opposed to merely preserving his right to appeal his sentence once imposed. On cross-examination, Bing was confronted with the following acknowledgment during his change-of-plea hearing:

2

The Court:        Now, you may have defenses to your respective charge or charges. But if you plead guilty, you waive and give up your right to assert these defenses.

Also, by pleading guilty you also waive and give up your right to challenge the way the government may have obtained any evidence, statement or confession in your respective cases.

In addition, by pleading guilty you may lose the right to challenge on appeal any rulings which the Court has made in your case. You understand, Mr Bing?

Bing:        Yes, sir.

Bing explained that despite these recorded statements he relied on his counsel's advice and understood the magistrate judge at that time as saying that he "may or may not" be giving up his right to appeal the motions. Bing also testified that following the entry of his guilty plea his counsel reassured him that his right to appeal was secure despite the magistrate judge's questioning.

The testimony of Bing's previous counsel, who had 23 years of experience practicing criminal law and handled thousands of change-of-plea hearings, directly contradicted Bing's account. He testified that he presented four options to Bing following the denial of the motions to suppress and explained how Bing's right to appeal the motions would be affected under the various options.[1] In particular, he

---

[1]Bing's counsel also advised Bing about entering a conditional plea but counseled that such a plea was not viable because the prosecutors in that district had never agreed to one before.

advised that if Bing pleaded guilty he would waive his right to challenge the rulings on the motions to suppress but would preserve other appellate rights with respect to his sentence. He did not perceive Bing as having any difficulty understanding the options or their consequences. He also denied having told Bing after the change-of-plea hearing that his appellate rights on the motions were preserved despite what the magistrate judge said. Lastly, the first he heard of Bing's desire to preserve those rights at all cost was when Bing filed his motion to withdraw his guilty plea.

## II.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of direction. United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002). "The good faith, credibility and weight of a defendant's assertions" in support of the motion are issues for the trial court to decide. United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988). We thus accept the district court's findings of fact from Bing's evidentiary hearing as correct unless they are clearly erroneous. See Bush v. Singletary, 988 F.2d 1082, 1089 (11th Cir. 1993).

A defendant may withdraw a guilty plea before the court imposes sentence if the defendant shows a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has met his burden of

showing a fair and just reason, "the district court evaluates the totality of the circumstances, including '(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" Najjar, 283 F.3d at 1309 (quoting Buckles, 843 F.2d at 472.). When a defendant receives close assistance of counsel and enters his plea knowingly and voluntarily, we give little weight to the latter two factors. United States v. Gonzales-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

A core consideration in determining whether a defendant has entered his plea knowingly is whether the defendant understood the consequences of his plea. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). When a defendant states during the plea colloquy that he understands those consequences, there is a presumption that his statements are true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

The district court did not abuse its discretion in denying Bing's motion. During Bing's plea colloquy, the district court specifically informed Bing of the adverse consequence of his plea on his right "to challenge the way the government may have obtained any evidence, statement or confession" in his case. Bing

acknowledged that he understood this consequence. Even if Bing misheard or misunderstood the magistrate judge's question, the record shows that Bing was closely counseled prior to his change-of-plea hearing regarding the consequences of a guilty plea, and substantial evidence existed for the district court to conclude that Bing understood those consequences.

Specifically, Bing's counsel said he advised Bing that by entering into a guilty plea he would waive his right to appeal the motions to suppress but would retain his right to appeal his sentence. Neither Bing's testimony nor his counsel's support a finding that Bing confused the two. Rather, Bing testified that counsel explicitly informed him that his right to appeal *the motions* would be preserved and that counsel reassured him of that fact following the change-of-plea hearing. His counsel, however, flatly denied that he provided such advice, either before or after the hearing, and also denied that Bing clearly conveyed his desire to preserve his right to appeal the motions under all circumstances. The district court credited Bing's counsel's version of the facts, and we cannot say that choice was clearly erroneous in light of the testimony presented. Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S. Ct. 1504, 1511 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Accordingly, there is no fair and just reason for allowing

Bing to withdraw his guilty plea.

For these reasons, we AFFIRM the district court's denial of Bing's motion.