[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2011
JOHN LEY
CLERK

No. 10-11999
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20890-UU-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REO DARVILLE,

Defendant-Appellant.

_____

No. 10-12387
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20890-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT SMITH,

Defendant-Appellant.

_____

No. 10-12503
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20890-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIVE GORDON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 19, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In this consolidated appeal, codefendants Reo Darville, Vincent Smith, and

Clive Gordon appeal their convictions for conspiracy to import marijuana into the

United States, in violation of 21 U.S.C. §§ 952(a) and 963.  The defendants argue

that the district court erred in denying their motions to withdraw their guilty pleas. After review, we affirm.

## I.

"We review the denial of a request to withdraw a guilty plea for abuse of discretion." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation marks omitted). "We will reverse a district court's decision on a motion to withdraw only if it is arbitrary or unreasonable." United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002).

A defendant may withdraw a guilty plea before a sentence is imposed if he shows a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). A pre-sentence motion to withdraw is to be liberally construed, but "[i]t is well settled . . . that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). To determine whether the defendant has met his burden, the district court considers the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his

plea." United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotation marks and citations omitted).

The defendants' arguments focus on the second factor, whether their guilty pleas were knowing and voluntary. See Buckles, 843 F.2d at 471. We have explained that a guilty plea is knowing and voluntary if it satisfies the three core concerns underlying Fed. R. Crim. P. 11, which are that: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999) (quotation marks omitted). The defendants assert that they were tricked into pleading guilty by their attorneys and that they never intended to bring marijuana into the United States.

During their plea colloquies, the defendants swore that no one had threatened, coerced, or forced them into entering a guilty plea. The defendants also swore that they intended to import marijuana into the United States. There is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); see also United States v.

4

Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").  The district court was entitled to rely on the veracity of the defendants' statements.  See Medlock, 12 F.3d at 187.  For that reason, the district court's denial of the defendants' motions to withdraw their guilty pleas was not arbitrary or unreasonable.  See Najjar, 283 F.3d at 1307.  No abuse of discretion occurred.

AFFIRMED.