[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10332
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00011-WS-M-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO PEREZ-HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 21, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Pedro Perez-Hernandez appeals from the district court's order denying his

motion to withdraw his guilty plea.  Because we conclude that the district court did not abuse its discretion in denying the motion, we affirm.

## I.

Perez-Hernandez was indicted in January 2011 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  In June 2011, he entered a guilty plea pursuant to a written plea agreement.  At his plea hearing, the district court conducted a Rule 11 colloquy and asked Perez-Hernandez whether he fully understood the charges against him.  Perez-Hernandez stated that he did.  He also acknowledged that he was fully satisfied with his counsel's representation, and that he had discussed the facts surrounding the charge with counsel.  He stated that he read and reviewed his plea agreement with his counsel and that he fully understood its terms and conditions, as well as his potential sentence.  He agreed that he committed the acts comprising his charge and confirmed that no one had coerced him into pleading guilty.

In October 2011, two days before his sentencing hearing, Perez-Hernandez filed a *pro se* motion seeking dismissal of his counsel, contending that his counsel coerced him into pleading guilty despite his innocence.  He did not at this time move to withdraw his guilty plea.  At a hearing on the matter, Perez-Hernandez's counsel moved to withdraw, and the district court granted the motion.  The court

appointed a new attorney to represent Perez-Hernandez and reset the sentencing hearing.

On November 28, 2011— five months after he entered his guilty plea — Perez-Hernandez, through counsel, moved to withdraw his plea.  He contended that, due to ineffective assistance of his original counsel, he did not understand his plea and he acted under duress.  The district court found that these arguments were insufficient to satisfy Perez-Hernandez's burden under Federal Rule of Criminal Procedure 11(d)(2)(B) and ordered Perez-Hernandez to supplement his motion.  Specifically, the court instructed Perez-Hernandez to explain how his original counsel was ineffective and why he answered the court's Rule 11 colloquy questions falsely.

Counsel for Perez-Hernandez supplemented the motion as the court requested.  Counsel noted that Perez-Hernandez continued to file *pro se* motions, without notifying counsel, reiterating his argument that he was coerced by his original counsel into pleading guilty.  Counsel stated that Perez-Hernandez was "confused and scared to go against his prior attorney's advice," and that he "complains of very limited time with the prior attorney."  Noting that Perez-Hernandez provided only vague allegations of coercion and deficient representation, the district court denied the motion.  This is Perez-Hernandez's

3

appeal.[1]

## II.

We review a district court's denial of a request to withdraw a guilty plea for an abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "We will reverse a district court's decision on a motion to withdraw only if it is arbitrary or unreasonable." *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002).

## III.

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence [sic] if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has met this burden, a district court "may consider the totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v.*

---

[1] To the extent Perez-Hernandez asserts an independent claim for ineffective assistance of counsel during his guilty plea, we decline to consider it because the record is insufficiently developed. *See United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010).

4

*Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988) (internal citation omitted).  "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide."  *Id.* at 472.  And "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal."  *Id.* at 473.

Here, the district court did not abuse its discretion in denying Perez-Hernandez's motion to withdraw his guilty plea.  Importantly, Perez-Hernandez waited five months after pleading guilty to move to withdraw his plea and did not raise it when he filed his motion to remove counsel.  When he later sought to withdraw his plea, instead of providing substantial reasons for his need to do so, Perez-Hernandez  offered conclusory allegations about his original counsel's deficiency.  Perez-Hernandez did not clarify how his counsel was coercive or otherwise deficient.  And, although he stated that he was confused and afraid, he did not describe the nature of his confusion or the source of his fear.

Further, Perez-Hernandez never explained why he testified, unequivocally, that he understood the nature of the charge against him, that he agreed with the government's factual proffer, and that he received adequate counsel.  We generally presume that statements made at a plea colloquy are true.  *United States v.*

5

*Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  In light of these statements,  which

Perez-Hernandez has not contradicted with any specificity, the district court

reasonably found that Perez-Hernandez's guilty plea was made knowingly,

voluntarily, and with close assistance of counsel.  *See Buckles*, 843 F.2d at 471-72.

The district court also reasonably determined that its decision would conserve

judicial resources and avoid undue prejudice to the government:  if the court

granted the motion, the court and the government would have to prepare for trial

several months after Perez-Hernandez's case was removed from the trial docket.

*See id.*

Because the district court reasonably considered the totality of the

circumstances, we affirm the district court's denial of  Perez-Hernandez's motion

to withdraw his guilty plea.

**AFFIRMED.**

6