[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13459
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00455-RDP-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH SHANE TERRY,
a.k.a. Joseph Terry,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 30, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Joseph Shane Terry appeals his convictions and sentences for five counts of wire fraud, in violation of 18 U.S.C. § 1343; four counts of making a false statement to the Small Business Administration, in violation of 15 U.S.C. § 645(a); three counts of making a false statement on a loan application, in violation of 18 U.S.C. § 1014; and one count of engaging in monetary transactions in criminally derived property, in violation of 18 U.S.C. § 1957.  Terry argues the district court erred by (1) denying his motion to withdraw his guilty pleas; (2) denying his motion to dismiss counts 1-5 and 7-9 as untimely filed; (3) applying a sentencing enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1; and (4) denying a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).  As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.  Upon review, we affirm.[1]

## I.  DISCUSSION

### A.  Motion to Withdraw Guilty Plea

The district court did not abuse its discretion in denying Terry's motion to withdraw his guilty plea.  After the district court accepts a guilty plea and before

---

[1] We review the denial of a defendant's motion to withdraw his guilty plea for abuse of discretion.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).  "We review the district court's denial of a motion to dismiss an indictment for abuse of discretion, but the interpretation and application of a statute of limitations is a legal question that we review de novo."  *United States v. Rojas*, 718 F.3d 1317, 1319 (11th Cir. 2013).  We review the validity of an appeal waiver de novo.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

2

sentencing, the defendant may withdraw his guilty plea if she can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has met this burden, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced by withdrawal of the plea. *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988).

Terry argues his guilty pleas were not knowing and voluntary because, at the time of his change-of-plea hearing, he was taking anti-depression medications, drinking alcohol, and taking prescriptions for migraines and high blood pressure. The district court's finding that Terry had made his pleas knowingly and voluntarily was not clearly erroneous. The district court noted that, during the change-of-plea hearing, Terry did not slur his speech, seemed attentive of his circumstances, and sought clarification about certain counts in the indictment. Additionally, Terry's attorney confirmed Terry was, both before and after the change-of-plea hearing, engaged and able to converse about his case. The district court's decision to credit its own and the attorney's first-hand impressions of Terry's competence, rather than Terry's self-serving testimony and the testimony of his medical experts who lacked any first-hand knowledge of his mental state,

3

was not clearly erroneous.  *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible view of the evidence, the factfinder's choice between them cannot be clearly erroneous.").  Considering the totality of the circumstances, the district court did not abuse its discretion in denying Terry's motion to withdraw his pleas.

B.  *Motion to Dismiss Counts 1-5 and 7-9 as Untimely*

Terry's unconditional guilty pleas waived his right to appeal the district court's denial of the motion to dismiss Counts 1-5 and 7-9 as time barred.  A defendant's knowing, voluntary, and unconditional plea of guilty waives all non-jurisdictional defects in the proceedings until the entry of the plea.  *See United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984).  "[P]ursuant to binding precedent, [a] statute of limitations is a matter of defense that must be asserted at trial by the defendant."  *United States v. Najjar*, 283 F.3d 1306, 1308 (11th Cir. 2002) (citing *Capone v. Aderhold*, 65 F.2d 130, 131 (5th Cir. 1933)[2]).  Accordingly, "the expiration of the statute of limitations does not divest a district court of subject matter jurisdiction, but rather constitutes an affirmative defense, which the defendant can waive."  *Najjar*, 283 F.3d at 1309.  Terry's guilty pleas waived his right to appeal the denial of his claim that the statute of limitations

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

barred prosecution on Counts 1-5 and 7-9. *See id.* at 1308–09; *Yunis*, 723 F.2d at 796.

*C. Sentencing Issues*

Terry's knowing and voluntary appeal waiver bars his attempt to challenge the district court's application of an obstruction of justice sentencing enhancement, as well as the district court's refusal to apply a downward sentencing adjustment for acceptance of responsibility. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) (holding knowing and voluntary appeal waivers are enforceable). In his plea agreement, Terry knowingly and voluntarily waived his right to appeal his convictions and sentences, and none of the waiver's exceptions are applicable here.

## II.  CONCLUSION

In light of the foregoing reasons, we affirm Terry's convictions and sentences.

**AFFIRMED.**