[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15356
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20631-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER ANDRAS KOVASZNAY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2017)


Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Peter Kovasznay pled guilty to one count of possession with intent to distribute a controlled substance and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i).  He was sentenced to a total of 63 months' imprisonment.  He now appeals the district court's denial of his motion to withdraw his guilty plea before sentencing and its refusal to hold an evidentiary hearing on the motion.  Kovasznay contends he demonstrated a "fair and just reason" for granting the motion in light of the four-factor test set forth in *Buckles*. *See* Fed. R. Crim. P. 11(d)(2)(B); *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).  After review,[1] we affirm.

## I. DISCUSSION

A defendant seeking to withdraw a guilty plea after its acceptance but prior to sentencing must show that there is a "fair and just reason" for doing so.  Fed. R. Crim. P. 11(d)(2)(B).  "In determining whether a defendant has met this burden, a district court may consider the totality of the circumstances surrounding the plea . . . includ[ing] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would

---

[1] We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *Buckles*, 843 F.2d at 471.  A district court's refusal to hold an evidentiary hearing is also reviewed for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

2

be conserved . . .; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 471–72.

Kovasznay has not shown the district court abused its discretion in denying his motion to withdraw his guilty plea.  First, Kovasznay had the benefit of close assistance of counsel.  Kovasznay consulted his attorney multiple times during the colloquy and stated he was satisfied with his representation, and the court found that he was represented by competent counsel.  *See id.* at 472 ("A defendant cannot complain of coercion by his counsel where his attorney, employing his best professional judgment, recommends that the defendant plead guilty."); *see also United States v. Freixas*, 332 F.3d 1314, 1318–19 (11th Cir. 2003) (finding no abuse discretion in denying plea withdrawal where district court assessed the competency of defendant's representation and found no deficiencies).  Kovasznay's post hoc suggestions to the contrary are unavailing.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

Second, the plea was knowing and voluntary.  At the lengthy plea colloquy and under oath, Kovasznay indicated seven times that he wanted to plead guilty, stated three times that he was sure, repeated twice that no one forced or threatened him to plead guilty, and affirmed that he understood the rights he was giving up and that he would not be able to retract the guilty plea once made.  The district

3

judge took great pains to ensure Kovasznay's decision was well informed, carefully explaining each consideration set forth in Fed. R. Crim. P. 11(b)(1) including, importantly, the five-year mandatory minimum sentence Kovasznay would face under the weapons charge. The "core concerns" of Rule 11 have been met here. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003) (holding the three core concerns of Rule 11 are that "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea" (quotation omitted)). In light of the extensive and thorough colloquy, Kovasznay cannot credibly contend the plea was not entered knowingly and voluntarily. *See Buckles*, 843 F.2d at 473 ("Mere conclusory allegations do not warrant the withdrawal of a guilty plea.").

In light of the foregoing, we need not dwell at length on the third and fourth *Buckles* factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) ("If an appellant does not satisfy the first two factors, we need not thoroughly analyze whether judicial resources would be conserved or whether the government would be prejudiced."). Nevertheless, it is worth noting that judicial resources were already expended conducting half a trial before Kovasznay pleaded guilty. Furthermore, the Government contends it would be prejudiced if Kovasznay's motion were granted because after his plea both Kovasznay's parents

4

and his substituted counsel made ex parte contact with Kovasznay's eighteen-year-old girlfriend whom the Government intended to call as a witness. In sum, the district court's refusal to permit the withdrawal of Kovasznay's guilty plea was not "arbitrary or unreasonable." *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002).

In addition, Kovasznay's contention that his motion should be granted because he has asserted actual innocence is inapposite. A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea. *Buckles*, 843 F.2d at 472.

Finally, the court did not abuse its discretion in refusing to hold an evidentiary hearing because, as noted above, it conducted a systematic and exhaustive colloquy before accepting the plea. *See Brehm*, 442 F.3d at 1298 ("It does not amount to an abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea.").

## II. CONCLUSION

For the reasons stated above, we hold the district court did not err in denying Kovasznay's motions for withdrawal of his plea and for an evidentiary hearing.

**AFFIRMED.**