## CAPONE v. ADERHOLD, Warden.
### No. 6880.

Circuit Court of Appeals, Fifth Circuit.
May 31, 1933.

William E. Leahy and Wm. J. Hughes, Jr., both of Washington, D. C., and Edwin H. Grace, of New Orleans, La., for appellant.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., Dwight H. Green, U. S. Atty., of Chicago, Ill., and G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order dismissing a petition for the writ of habeas corpus. The opinion of the district judge appears in 2 F. Supp. 280.

Appellant was convicted in the Northern District of Illinois upon an indictment, drawn under 26 USCA § 1266, and filed June 5, 1931, which charged him in three counts with attempting, on the 15th day of March in each of the years 1926, 1927, and 1928, respectively, to evade and defeat the federal income taxes imposed upon him by law. On appeal the judgment of conviction was affirmed. Capone v. United States (C. C. A.) 56 F. (2d) 927, certiorari was denied by the Supreme Court. 286 U. S. 553, 52 S. Ct. 503, 76 L. Ed. 1288. Appellant is now serving his sentence in the Atlanta Penitentiary. He alleges in his petition that during his trial, at the close of all the evidence, he moved for a directed verdict on the ground that he was not indicted within three years of the commission of the offenses with which he was charged. In support of his motion he relies on 18 USCA § 585 as an absolute bar to the prosecution, because, as he now says, the government offered no evidence to prove that he was absent from the district wherein the offenses are alleged to have been committed, and thus bring the prosecution within the exception provided by the statute extending the time for filing the indictment; but the government contended, and the court held, the petition alleges, that the prosecution was not barred until the expiration of six years, because the indictment charged offenses arising under the in-

ternal revenue laws to defraud the United States. The petition does not allege that the failure of the government to prove appellant's absence from the district was urged as a ground of the motion to direct a verdict; nor that appellant was not absent from the Northern District of Illinois a sufficient length of time to prevent the running of the statute of limitations. The question whether the statute of limitations was three years or six years apparently was not urged in the Circuit Court of Appeals; at least, that question is not discussed or referred to in the opinion of the court. Capone v. United States, supra. Subsequently to the opinion just referred to, the Supreme Court affirmed a decision of the District Court for Massachusetts which sustained a plea in bar to an indictment, similar to the indictment against appellant, which showed upon its face offenses which were committed more than three years prior to the return of the true bill. United States v. Scharton, 285 U. S. 518, 52 S. Ct. 416, 76 L. Ed. 917. So far as appears the plea in the Scharton Case did not allege that the defendant had been present in the district during the three years, or deny that he had been absent a sufficient length of time to prevent the running of the statute of limitations. The appellant therefore contends that the Scharton Case is authority for holding not only that the statutory period of limitations for the offense of attempting to evade or defeat the income tax laws is three years, but also that the burden is on the government to prove that his absence from the district where he was indicted prevented the running of the statute. The government, conceding as it must that the statutory period prescribed for the offense of attempting to evade or defeat income taxes is three years, replies that the Scharton Case was decided, not in habeas corpus proceedings, but upon a direct appeal.

█ The rule prevails generally in all courts that, as time is not ordinarily of the essence of the offense, the date on which it is alleged the offense was committed need not be proved as laid. In some, perhaps most, of the states an indictment is fatally defective which shows on its face that it was returned after the running of the statute of limitations. However, in the federal courts the bar of the statute is a matter of defense. As we have just seen, it may be raised by an affirmative plea which is not required to negative an exception; the burden of proving the exception

being upon the prosecution. But that defense cannot be taken advantage of by demurrer or motion in arrest, since the prosecution is entitled to an opportunity where the statute of limitations contains exceptions to introduce evidence and bring the defendant within one of the exceptions. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; United States v. White, 28 Fed. Cas. page 562, 568, No. 16,676; 1 Wharton's Cr. Pro. § 369. A plea in bar raises an issue and affords the prosecution an opportunity to meet it. The ordinary motion to direct a verdict is not such a plea; it is not usually made until all the evidence is in, and after it is too late for the prosecution to offer evidence in rebuttal and in contradiction of it. Dowdell v. United States, 221 U. S. 325, 31 S. Ct. 590, 55 L. Ed. 753; 1 Bishop's Cr. Pro. § 730.

█ A motion to direct a verdict upon the evidence, or for lack of evidence, can only be reviewed on a direct appeal. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; Ex parte Bigelow, 113 U. S. 328, 5 S. Ct. 542, 28 L. Ed. 1005; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; Van Meter v. Snook (C. C. A.) 15 F.(2d) 377. Whether the trial court erred in ruling upon the evidence, and in deciding where the burden of proof lay, are beside the question in a habeas corpus proceeding. The court was acting within its jurisdiction in deciding those questions, whether its decisions were right or wrong. The case of Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; In re Snow, 120 U. S. 274, 7 S. Ct. 556, 30 L. Ed. 658, and In re Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118, relied on by appellant, have no bearing upon the question before us. They were all habeas corpus cases it is true, but they were decided upon the record proper. The underlying principle announced in each of them was that a defendant could not be twice put in jeopardy for the same offense in violation of the Fifth Amendment. It is not shown by the record before us that the judgment assailed is void, or that the court was without jurisdiction. On habeas corpus we have no right or authority to examine or consider the evidence on which that judgment was based. Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

The order appealed from is affirmed.