**CAPONE v. ADERHOLD, Warden.**
No. 7266.

Circuit Court of Appeals, Fifth Circuit.
May 29, 1934.

William E. Leahy and Wm. J. Hughes, Jr., both of Washington, D. C., Frank A. Doughman, of Atlanta, Ga., and Edwin H. Grace, of New Orleans, La., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen., and H. T. Nichols, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and HUT-CHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order dismissing a second petition for the writ of habeas corpus. The first petition was dismissed and the writ discharged by the District Court. Capone v. Aderhold, 2 F. Supp. 280. On appeal the judgment in that case was affirmed by this court. Id., 65 F.(2d) 130.

The essential averments are the same now as they were before; no new ground for release from custody is urged on this appeal. The insistence of appellant still is that the offenses of which he was convicted were barred by a three-year statute of limitations. 18 USCA § 585. The allegations are repeated that the Government offered no evidence to show that appellant was absent from the district wherein the offenses were alleged to have been committed so as to bring the prosecution within the exception provided by the statute; but appellant yet studiously avoids making the averment that as a matter of fact he was present in that district. For all that appears he was absent a sufficient length of time to keep the statute of limitations from running. In this state of the record, it will not be presumed that the prosecution was delayed until it was barred. Certainly the record does not affirmatively show that the court before whom appellant was tried and convicted was without jurisdiction. The most that can be inferred is that the court erred in holding the six-year statute of limitations applicable, or in deciding that it was incumbent on appellant to make it appear that for three years after the commission of the offenses of which he was convicted he remained in the district where he was indicted. Any possible error on the question whether the prosecution was barred was subject to review only on a direct appeal, and did not affect the jurisdiction of the trial court. The petition states no case for relief in a habeas corpus proceeding.

The order appealed from is affirmed.