**BEARD v. SANFORD, Warden.**

**No. 9441.**

Circuit Court of Appeals, Fifth Circuit.

March 15, 1940.

Writ of Certiorari Denied May 20, 1940.

See 60 S.Ct. 1078, 84 L.Ed. ——.

———◇———

James J. Laughlin and Ellis Klein, both of Washington, D. C., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

It is complained that a substantial portion of the evidence on which petitioner was convicted was obtained by the interception of telephone messages, unlawful according to the recent decisions in Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. ——, and Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. ——, and that the use of such evidence was a violation of constitutional right, because of which the court lost jurisdiction to try the case and sentence to prison, according to Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. At the time of petitioner's trial under the decision in Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376, the evidence was considered admissible; and the point being presented on appeal to the Circuit Court of Appeals of the District of Columbia it was so held, Beard v. United States, 65 App.D.C. 231, 82 F.2d 837, and the Supreme Court denied certiorari, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382. The question thus made and decided is res judicata and not subject to be reopened and the sentence overturned on habeas corpus, although according to later decisions of the Supreme Court the judgment now appears to have been erroneous. Capone v. Aderhold, Warden, 5 Cir., 65 F.2d 130, Id., 5 Cir., 71 F.2d 160. We do not find in the decisions of the Nardone and Weiss cases any indication that a constitutional right is involved; nor do we think that every error of a trial court in ruling upon such a right would open the sentence to collateral attack on habeas corpus. The question is only one of the interpretation of the Federal Communications Act, 47 U.S.C.A. § 605, and the unlawfulness of the use of information obtained by this form of eavesdropping rests upon the prohibition made

in that Act rather than upon any provision of the Federal Constitution.

The judgment is affirmed.