## MONGE v. SANFORD, Warden.

### No. 11136.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1944.

Rafael Sostre Monge, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The petitioner was convicted under the second count of an indictment that charged that: "Heretofore, to wit, on or about May 17, 1942, within the limits of the city of San Juan, Puerto Rico, in the District of Puerto Rico and within the jurisdiction of this Court, Rafael Sostre Monge, after having been convicted on April 15, 1939, of a crime of violence, to wit, robbery, by the District Court for the Judicial District of San Juan, Puerto Rico, did, unlawfully, knowingly and willfully, transport in interstate commerce a certain firearm, to wit, one .25 caliber Unique pistol, No. 174430, that is to say, the said Rafael Sostre Monge, at the time and place aforesaid, to-wit, on or about May 17, 1942, within the limits of the city of San Juan, Puerto Rico, had in his possession and under his control the said firearm described as aforesaid."

From an order discharging a writ of habeas corpus and remanding the petitioner to the custody of the Warden of the Atlanta Penitentiary this appeal is brought.

The substance of count 2 of the indictment, upon which conviction was had, is that by virtue of the respondent's having been previously convicted of a crime of violence and by virtue of his subsequent possession of firearms in the City of San Juan he is guilty of the transportation of such firearms in interstate commerce.

Sec. 2(f) of the Federal Firearms Act, Sec. 902(f), Title 15, U.S.C., 15 U.S.C.A. § 902(f), provides: "It shall be unlawful for any person who has been convicted of a crime of violence or is a fugitive from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

While the indictment does contain the allegation that the petitioner did transport in interstate commerce a certain firearm, it thereafter particularizes by the following statement: "* * * that is to say, the said Rafael Sostre Monge, at the time and place aforesaid, * * * had in his possession and under his control the said firearm described as aforesaid."

The gist, therefore, of the allegation in the indictment is that the respondent was, on the 15th day of April, 1939, convicted of a crime of violence, to wit, robbery, and that on May 17, 1942, he had in his possession and under his control a certain firearm. It is quite clear that the allegation of transportation of the firearm in interstate commerce is predicated upon the presumption in the statute in paragraph (f) of Sec. 2 of the Federal Firearms Act that the possession of a firearm by one previously convicted of the crime creates the presumption that the firearm was received by him in interstate or foreign commerce.

 However, in the case of Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, it was held that the presumption sought to be created by said section was in violation of the Fifth and Fourteenth Amendments to the Federal Constitution. The charge of possession of a firearm by one previously convicted of a crime of violence is insufficient to charge the offense of transporting firearms in interstate commerce.

▮ The indictment fails to state an offense under the law in the light of the decision in Tot v. United States, supra.

It follows, therefore, that the judgment of the lower Court in discharging the writ and remanding the petitioner to the custody of the Warden was error and the same is hereby reversed and remanded, with instructions to the lower Court to discharge the petitioner from custody.

Reversed and remanded.