**VELAZQUEZ v. SANFORD, Warden.**

**No. 11334.**

Circuit Court of Appeals, Fifth Circuit.

July 11, 1945.

Jose Cases Velazquez, in pro. per., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was convicted in the District Court of the United States for the District of Porto Rico, upon an indictment in four counts charging violation of the Federal Fire Arms Statute,[1] and sentenced to three years on each of counts one and two, and five years on counts three and four, the sentences on these counts suspended. The judgment was affirmed,[2] and defendant was committed to the Atlanta penitentiary. An earlier petition for habeas corpus having resulted in an order discharging the writ and remanding the prisoner, appellant, electing not to appeal from that judgment, filed another petition, and this appeal is from the judgment discharging the second writ and again remanding petitioner.

Below appellant's attack on the judgment was centered on the ground that, based upon paragraph (f) of Section 2 of the Federal Fire Arms Act, Sec. 902(f), Title 15 U.S.C.A., it was void because the Supreme Court, in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, had held that the presumption in the last clause of Sec. 2 (f)[3] was null and void.

The district judge, pointing out: That the Tot case had held invalid not the statute creating and denouncing the offense, but the presumption on which alone the conviction in that case had rested; and

that, in the case at bar, the appellant had been properly charged under the statute, and proof tending to convict had been offered, held that the Tot case was without application and that no grounds for the writ were shown.

Here appellant, assuming in his brief that his conviction on the first and second grounds was invalid,[4] directs the major part of his brief to the argument that the sentencing court had no jurisdiction of the offenses charged in the third and fourth counts, transporting a revolver, because he had already been tried and sentenced for the same offense in the Insular Court of San Juan, Porto Rico, and under People of Puerto Rico v. Shell, 302 U.S. 253, at page 264, 58 S.Ct. 167, at page 172, 82 L.Ed. 235, he has thus been placed in double jeopardy.

■ Appellant's assumption that this case is ruled by the decision of the Supreme Court in the Tot case or of this court in Monge v. Sanford, 5 Cir., 145 F.2d 227, is wholly unwarranted. In the Tot case, not a proceeding in habeas corpus, but a direct appeal, a conviction in New Jersey, under the interstate provisions of the act, was reversed, because the conviction rested not upon evidence that the statute had been violated but upon the presumption set up in the act. It was not decided, it was not even claimed, in that case that the act itself was invalid. Neither was the point made there that the presumption was invalid as applied to an offense committed in the territories. On June 14, 1943, just seven days after its decision in the Tot case, the Supreme Court denied Velazquez's petition for certiorari from the judgment of affirmance in his case. Reference to the opinion of the Circuit Court of Appeals shows both that the point made here against the conviction that the statute creates an unreasonable presumption of guilt was expressly made and expressly

[1] Title 15, §§ 901–909, U.S.C.A.

[2] Cases v. United States, 1 Cir., 131 F.2d 916, certiorari denied June 14, 1943, Cases Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718.

[3] "and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

[4] "(1) It is not arguing the 1st and 2nd count of this case, because they are

for (sec. 2(f) of the Federal Law of Firearm and that (sec. 2(f) was declared unconstitutional by the Hon. Supreme Court in the case of Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519.

This (sec. 2(f) was declared unconstitutional in all its parts and not part of it as the Hon. lower Court says.

In the Writ of Habeas Corpus #11136. Rafael Sontre Monje v. Sanford that Hon. Court of Appeals decided that Hon. Supreme Court had declared (sec. 2(f) unconstitutional and reversed the decision of the lower court."

decided against him in the affirmance of his conviction,[5] and that his guilt was established by evidence offered in the case. In these circumstances, while ordinarily the denial of a writ is not to be taken as necessarily an approval either of the opinion or the judgment, we think it may not be doubted that such denial here, within seven days after the decision in Tot's case, in the face of the claim made and adversely decided by the Circuit Court of Appeals, that the presumption created by the act was invalid and that this required a reversal of the judgment, was in effect an approval of the judgment of conviction as valid, the attack on the presumption notwithstanding, and that this question may not be again raised on habeas corpus.[6]

It is quite clear too that plaintiff's reliance on Monge v. Sanford, supra, will not do. The question there was not, as here, of the sufficiency of the evidence to support the indictment. What was in question there was whether the indictment as drawn stated an offense. What was there decided was that though the indictment did at first declare that the defendant had transported a certain firearm in interstate commerce, it followed this with "That is to say * * * had in his possession and under his control the said firearm described as aforesaid," and that because it did, the gist of the charge was not transportation but possession and control of a firearm, an offense not denounced by the statute. No such situation is presented here. Here the defendant was charged with the offense as the statute had defined it. The presumption played no part in the indictment.

Appellant's claim for relief as to the sentences imposed on counts three and four, that his conviction in the Insular Court deprived the Federal District Court of jurisdiction, presents no ground for relief by habeas corpus. In the first place, appellee does not have custody of appellant as to these sentences, for, imposed to take effect after the completion of the service of sentence on the first two counts, they were suspended for five years, the suspension period to begin after the completion of the service of sentence on the first two counts. In addition, questions of former jeopardy do not go to the jurisdiction of the court. They are matters of defense, and if the defense was available to appellant, it was available only on the trial in the Federal District Court of Porto Rico. If, therefore, we put to one side the facts: that in his petition for habeas corpus, he did not make this claim; and that the record contains no evidence in support of it; and assume the facts to be as appellant states them in his brief, this would not benefit him for we should have to hold that since he was not restrained of his liberty under these counts, the writ will not lie, and that if mistaken as to this, the claim, being merely matter of defense and not going to the jurisdiction of the court, cannot be inquired into in a habeas corpus proceeding.[7] The judgment discharging the writ is right. It is

Affirmed.

---

[5] Cases v. United States, 1 Cir., 131 F.2d 916.

[6] Cf. Miller v. United States, 2 Cir., 147 F.2d 372; Stoll v. Gottlieb, 305 U. S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329.

[7] Capone v. Aderhold, 5 Cir., 65 F.2d 130; 5 Cir., 71 F.2d 160.