**ROSSELLI v. SANFORD, Warden.**

**No. 11575.**

Circuit Court of Appeals, Fifth Circuit.

May 16, 1946.

Rehearing Denied June 18, 1946.

David Gertler, of New Orleans, La., and F. L. Breen, of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and John J. Flynt, Jr., Asst. U. S. Attys., all of Altanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Insisting that the United States, by demurring to a plea of limitation interposed by plea in bar, had admitted the truth of the facts pleaded, and that it thus appears of record that the sentencing court was without jurisdiction to try him, appellant

sued out a writ of habeas corpus. The writ denied, he is here making the same contention.

We think it plain that there is no merit in the claim. The defendant was charged under U.S.C.A., Title 18, §§ 420a, 420b, 420d, with conspiring with others to interfere with trade and commerce by violence, threats and coercion. The indictment filed March 18, 1943, alleged that "heretofore, to wit, on or about the 18th day of June, 1934, and continuously thereafter to and including the date of the filing of this indictment", the defendants did, in violation of the act, conspire as thereafter set out in the indictment. It alleged that the acts and conditions set out in the indictment occurred and existed "during the period hereinbefore set forth", but no overt act was alleged by date and, except the date of beginning, no dates were alleged. Insisting that because of this prosecution was barred by the statute of limitation of three years, defendant filed a plea in bar setting up this defense.

The United States demurred, and the District Judge, pointing out in a carefully considered opinion that the commission of an overt act in furtherance of a conspiracy of the kind charged need not be alleged to complete the offense;[1] and that "there is no warrant for [the use of a special plea in bar] to single out for determination in advance of trial matters of defense either on questions of law or fact",[2] sustained the demurrer.

Thereafter the cause went to trial, the defendants were convicted, and the conviction was affirmed in United States v. Compagna, 2 Cir., 146 F.2d 524, 527.[3]

It is quite plain that the District Judge did not, as claimed by appellant, accept as true in fact that, as set up in the plea in bar, limitation had run on the prosecution and hold this to be immaterial in law. On the contrary, he specifically determined that the fact issue sought to be was not properly raised by the plea in bar but must be referred to and determined on the trial. Appellant, therefore, finds his jurisdictional point precluded by the precise adjudication on appeal that the record contained ample evidence of the continuance of the conspiracy until the beginning of the statutory period, and that the defendant did not show that he had disconnected himself from it.[4] But this aside, he finds himself in the position of a defendant after conviction seeking by habeas corpus to raise and retry an issue of fact. It is settled law that the determination of fact issues arising on an indictment is for the court where the indictment was found, and is not open for decision on habeas corpus.[5] This is particularly true of limitation, a matter in the federal courts of defense.[6]

The judgment was right. It is affirmed.

---

[1] Cf. Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232; United States v. Socony-Vacuum, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. New York Great A. & P. Co., 5 Cir., 137 F.2d 459.

[2] United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 65, 76 L.Ed. 210, 82 A.L.R. 1376.

[3] In affirming it, the Circuit Court said: "The indictment having been filed on March 18, 1943, it was necessary to show that it continued until March 18, 1940, and there was evidence in plenty that it did, although several of the accused were not shown to have continued their connection with it as late as that. To meet this lapse in the evidence as to them, the prosecution invoked the well established doctrine that anyone, once shown to have been a member of a conspiracy which lasts until the beginning of the statutory period, must satisfy the jury by affirmative proof that he disconnected himself from it before that period began."

[4] Velazquez v. Sanford, 5 Cir., 150 F.2d 491; Miller v. United States, 2 Cir., 147 F.2d 372; Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Dist. v. Baxter, 308 U.S. 371, 60 S Ct. 317, 84 L.Ed. 329.

[5] Rodman v. Pothier, 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759; Bowen v. Johnston, 306 U.S. 19, at p. 23, 59 S.Ct. 442, 83 L.Ed. 455.

[6] Capone v. Aderhold, Warden, 5 Cir., 65 F.2d 130, Id., 71 F.2d 160.