[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11175

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH A. SANFILIPPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60006-RKA-1

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

LAGOA, Circuit Judge:

Joseph Sanfilippo appeals his conviction for wire fraud pursuant to a guilty plea and contends that the district court erred in denying his motion to dismiss the indictment against him because it was issued after the expiration of the federal statute of limitations under 18 U.S.C. § 3282. Sanfilippo argues that the district court misinterpreted § 3282(a), and thus incorrectly concluded that the government indicted him within the statute of limitations. We conclude, however, after careful review and with the benefit of oral argument, that we cannot resolve this issue, as Sanfilippo entered an unconditional guilty plea to one of eight counts in the indictment and, under our precedent, waived his ability to appeal the district court's denial of his motion to dismiss the indictment. Because Sanfilippo waived any challenge to the timeliness of his indictment by entering a knowing, voluntary, and unconditional plea, we dismiss Sanfilippo's appeal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Sanfilippo met the victim, a wealthy widow, in 2008 or 2009, and the pair had a long-distance relationship that lasted for a few years. In 2013, Sanfilippo informed the victim that he was moving to South Florida, and the couple's relationship rekindled once he did. In 2015, Sanfilippo convinced the victim that she should invest

---

[1] Sanfilippo stipulated to the following facts in the factual proffer submitted with his plea agreement.

in Cayman Shipping and Distribution, LLC ("Cayman Shipping"), which allegedly bought excess inventory from companies like Walgreens and CVS and shipped it to South America for resale. Sanfilippo told the victim that he knew the president of Cayman Shipping, who would only accept investment money directly from him. So, in late October and early November 2015, the victim wrote four checks, payable to Sanfilippo, for a total of $100,000. In return for her investments, Sanfilippo gave the victim a fraudulent promissory note. Sanfilippo deposited these checks into one of two personal bank accounts, and almost immediately thereafter withdrew the money in increments of less than $10,000. In April 2017, the victim hired an attorney, who unsuccessfully tried to contact Cayman Shipping seeking return of the victim's investment. Agents later learned that Cayman Shipping did not exist, nor did the person Sanfilippo said was the president.

For a large part of 2020, grand jury sessions were suspended in the Southern District of Florida due to the COVID-19 pandemic. *See* S.D. Fla. Admin. Order 2020-22 (suspending all grand jury sessions as of March 26, 2020); S.D. Fla. Admin. Order 2020-76 (providing that two grand jury sessions per week were to resume on November 16, 2020). As a result, by late 2020, the government still had not brought its case. Under federal law, however, "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

Unable to bring an indictment, the government instead filed an eight-count information in the Southern District on October 23, 2020.  Because the government alleged that Sanfilippo committed four acts of wire fraud in violation of 18 U.S.C. § 1343 between October 28, 2015, and November 2, 2015, and four acts of structuring in violation of 31 U.S.C. § 5324 between October 29, 2015, and November 4, 2015, the information was filed within the five-year period provided by § 3282(a).  The parties agree that Sanfilippo could be prosecuted by information only if he waived prosecution by indictment "in open court and after being advised of the nature of the charge and of [his] rights."  Fed. R. Crim. P. 7(b); *see* U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . .").  But Sanfilippo did not provide such a waiver.

After grand jury sessions resumed, the government indicted Sanfilippo on the same eight counts on January 14, 2021.  The government then moved under Federal Rule of Criminal Procedure 48(a) to dismiss the information without prejudice, which the district court granted on February 26, 2021.  Sanfilippo then moved to dismiss the indictment, arguing that it was "filed after the Statute of Limitations had expired" for all eight counts.

The district court denied Sanfilippo's motion.  The district court first concluded that an information is "instituted" when it is filed, and thus the government acted timely under § 3282(a), even though Sanfilippo had not waived his right to prosecution by indictment.  The district court then turned to 18 U.S.C. § 3288.

When an information charging a felony is dismissed after the statute of limitations expires, § 3288 provides, with some exceptions, a six-month window in which the government can indict the defendant. *See* § 3288. While the government cannot invoke this provision when the reason for the dismissal "was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution," *id.*, Sanfilippo did not argue that either applied in his case. Even if he had, the district court concluded that "any reliance on these exceptions would have been futile." Therefore, the district court concluded that the indictment was timely, and, after rejecting other arguments not relevant to this appeal, denied Sanfilippo's motion to dismiss.

Sanfilippo later agreed to plead guilty to one count of wire fraud. The written plea agreement does not contain a reservation of the right to appeal the district court's denial of Sanfilippo's motion to dismiss. At the plea colloquy, Sanfilippo stated that he had discussed the plea agreement with his counsel and fully understood its terms, including the fact that the plea agreement "fully reflect[ed] [his] agreement with the United States." The district court summarized the terms of the plea agreement and alerted Sanfilippo to the last paragraph, which stipulated "that this plea agreement represents the entire agreement and understanding between you and the United States, and that there are no other secret or mysterious agreements, promises, or guarantees that have been made to you in order to induce you to plead guilty in this case." Sanfilippo confirmed that the plea agreement represented his entire

understanding with the government and that he understood he was waiving certain rights by pleading guilty. Sanfilippo's counsel indicated that Sanfilippo understood the rights that he was waiving in signing the agreement. Sanfilippo then pleaded guilty to Count Four, and the district court accepted his plea, adjudging him guilty.

After Sanfilippo's guilty plea was entered and the district court sought to end the hearing, the government interjected, "there is one other issue." The government noted that *United States v. B.G.G.*, another case that raised similar statute of limitations questions, was on appeal to this Court. If it turned out, based on this Court's decision in *B.G.G.*, that the government was "in error by filing an information within the statute of limitations," the government said that "Sanfilippo would be exonerated at that point, just as a matter of fundamental fairness." In such a case, "what [the government] would probably do is allow [Sanfilippo] to withdraw his guilty plea, and then [the government] would have to dismiss the charges, because the statute of limitations had run." Sanfilippo would be able to "file a motion to dismiss based on the statute of limitations again, in which case it would be granted at that point." Both the district court and Sanfilippo agreed to this potential path.

The district court subsequently sentenced Sanfilippo to 24 months' imprisonment with three years of supervised release and restitution in the amount of $300,000.[2] This appeal follows.

---

[2] The district court has since moved Sanfilippo's self-surrender date to May 2024.

## II.    STANDARD OF REVIEW

Whether a defendant waived the right to appeal a district court's decision on a pretrial motion by entering a guilty plea is a question of law this Court reviews de novo.  *See United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003).

## III.    ANALYSIS

We have long held that a "defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (quoting *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984); *see, e.g.*, *Patti*, 337 F.3d at 1320 (same)).  And we have held that a statute of limitations defense is one of those non-jurisdictional defects.  In *United States v. Najjar*, we rejected the argument that "in a criminal case, the statute of limitations is a jurisdictional bar that cannot be waived in a plea agreement."  283 F.3d 1306, 1308 (11th Cir. 2002).  Instead, we recognized that, "pursuant to binding precedent, the statute of limitations is a matter of defense that must be asserted at trial by the defendant."  *Id.* (citing *Capone v. Aderhold*, 65 F.2d 130, 131 (5th Cir. 1933)).  And in *Musacchio v. United States*, 577 U.S. 237, 248 (2016), the Supreme Court held in a case involving § 3282(a)—the statute of limitations at issue here—that "[i]n keeping with § 3282(a)'s text, context, and history, we conclude that § 3282(a) provides a non-jurisdictional defense, not a jurisdictional limit."

Thus, if Sanfilippo wished to preserve appellate review of the district court's denial of his motion to dismiss the indictment while pleading guilty, he could "do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Federal Rule of Criminal Procedure 11(a)(2) provides that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Thus, a "conditional plea must be in writing and must be consented to by the court and by the government." *Pierre*, 120 F.3d at 1155. As for consent under the Rule, it "means express approval: direct assent requiring no inference or implication." *Id.* at 1156. "[S]ilence or inaction by the government" will not cut it. *Id.*

Sanfilippo's plea fails to qualify as a conditional plea on both fronts. First, Sanfilippo's plea agreement—the only written agreement we have in the record—does not show that Sanfilippo reserved his right to appeal the district court's denial of his motion to dismiss. Further, the written plea agreement confirms that "[t]his is the entire agreement and understanding between this Office and the defendant," and that "[t]here are no other agreements, promises, representations or understandings." And during his plea colloquy Sanfilippo said that this written agreement fully reflected his agreement with the government.

Second, there is no record evidence indicating that the district court and the government consented to Sanfilippo reserving his ability to appeal the district court's motion to dismiss. Sanfilippo points us to the agreement reached at the end of his plea colloquy. As we discussed above, the government said that if it turned out, based on this Court's then-forthcoming decision in *United States v. B.G.G.*, that it was "in error by filing an information within the statute of limitations," then the government believed that "Sanfilippo would be exonerated at that point, just as a matter of fundamental fairness." Procedurally, the government said that "what [it] would probably do is allow him to withdraw his guilty plea, and then [the government] would have to dismiss the charges, because the statute of limitations had run." Sanfilippo would be able to, in the government's words, "file a motion to dismiss based on the statute of limitations again, in which case it would be granted at that point." Sanfilippo agreed to this plan, as did the district court.

We do not find evidence in this conversation of "direct assent" to a conditional plea from either the district court or the government to permit Sanfilippo to appeal the district court's denial of his motion to dismiss. *Pierre*, 120 F.3d at 1156. Instead, we interpret this discussion as an agreement that Sanfilippo's plea would be withdrawn and the charges dismissed if this Court, in *B.G.G.*, agreed with Sanfilippo's statute of limitations argument. For similar reasons, the fact that the government agreed to stay Sanfilippo's sentencing and then to stay Sanfilippo's appeal while *B.G.G.* was

pending in front of this Court is also not sufficient evidence of express consent for Rule 11(a)(2) purposes.[3]

For these reasons, we conclude that Sanfilippo's plea was not conditional under Rule 11(a)(2), and consequently, he waived his ability to appeal the district court's denial of his motion to dismiss. The district court's decision is therefore "not reviewable," and we "offer no opinion about the merits" of it. *Patti*, 337 F.3d at 1323.

---

[3] In *United States v. B.G.G.*, we did "not reach the issue of whether filing an information without a waiver of indictment institutes the prosecution, and tolls the statute of limitations, under sections 3282(a) and 3288." 53 F.4th 1353, 1361 n.3 (11th Cir. 2022). Instead, we concluded that the district court erred when it dismissed the information with prejudice but noted that if a "grand jury later indicts [the defendant], he can still raise a statute of limitations defense." *Id.* at 1370. After remand, a grand jury indicted the defendant, and the defendant moved to dismiss the indictment on statute of limitations grounds. The district court in that case determined that the filing of an information, without a corresponding waiver of an indictment, within the five-year limitations period did not satisfy § 3282(a). *See United States v. Gatz*, No. 20-CR-80063, 2023 WL 8355363, at *4 (S.D. Fla. Dec. 1, 2023). The district court also concluded that the dismissal of a waiver-less information after the statute of limitations had expired did not entitle the government to a new six-month window under § 3288 in which it could indict the defendant. *Id.* at *8–*9. The district court therefore granted the defendant's motion to dismiss the indictment. *Id.* at *13. If the government once again decides to appeal the district court's order in *B.G.G.*, and this Court agrees with the district court's interpretation of §§ 3282(a) and 3288, then, under the terms of the government's agreement with Sanfilippo before the district court, Sanfilippo would be entitled to withdraw his plea.

### IV.　CONCLUSION

For the reasons stated, we conclude that Sanfilippo entered an unconditional guilty plea to one of eight counts in the indictment and thus waived his ability to appeal the district court's denial of his motion to dismiss the indictment.  Because Sanfilippo waived any challenge to the timeliness of his indictment by entering a knowing, voluntary, and unconditional plea, we dismiss Sanfilippo's appeal.[4]

**APPEAL DISMISSED.**

---

[4] While in past cases we have afforded relief to defendants if they entered a guilty plea "only on the reasonable (but mistaken) belief" that they had preserved the ability to challenge on appeal a district court's pretrial decision, *Pierre*, 120 F.3d at 1156, here Sanfilippo did not argue that his plea was unknowing and involuntary until oral argument.  Under our precedent, his failure to make this argument in his briefs precludes us from considering it.  *See, e.g.*, *Hernandez v. Plastipak Packaging, Inc.*, 15 F.4th 1321, 1330 (11th Cir. 2021) (explaining that we "do not consider arguments raised for the first time at oral argument"); *Holland v. Gee*, 677 F.3d 1047, 1065–66 (11th Cir. 2012) (rejecting a party's "last-minute attempt to raise [an] alternative argument" at "oral argument"); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

22-11175                    JORDAN, J., Concurring                    1

JORDAN, Circuit Judge, Concurring.

I join Judge Lagoa's opinion for the court in full. I write separately to alert the parties that their agreement to allow Mr. Sanfilippo to withdraw his guilty plea if the Eleventh Circuit ultimately rules against the government on the statute of limitations issue—something the district court seemed to countenance—will require traversing some tricky jurisdictional terrain.

A district court has limited jurisdiction under the U.S. Code (e.g., 18 U.S.C. § 3582(c)) and the Federal Rules of Criminal Procedure (e.g., Rule 35) to set aside or modify a federal defendant's conviction or sentence, and it does not possess inherent authority to take such action. *See generally United States v. Diaz-Clark*, 292 F.3d 1310, 1315-198 (11th Cir. 2002). I am therefore not sure how it is that the parties believe that they will be able, months or years from now, to go back to the district court and request that Mr. Sanfilippo be allowed to withdraw his guilty plea in a closed case.

There is, of course, the possibility of Mr. Sanfilippo seeking collateral relief from his conviction, but a motion to vacate has a one-year limitations period that runs from a number of possible trigger dates. *See* 28 U.S.C. § 2255(f). Once this direct appeal is dismissed, Mr. Sanfilippo's conviction will become final when the time for seeking certiorari expires or when the Supreme Court denies certiorari. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Drury v. United States*, 507 F.3d 1225, 1296 (11th Cir. 2007). If Mr. Sanfilippo files a § 2255 motion after the one-year limitations period has expired, the government, in order to follow through on its

2                              JORDAN, J., Concurring                              22-11175

agreement with him, will have to expressly disclaim or waive any statute of limitations argument in its response.